

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN HOME LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | No. 3:14-CV-2860-BF |
| v. | § § | |
| DAVID CHAD STOCKSLAGER, ERIC KYLE STOCKSLAGER, ANNA MICHELE GOOLSBY, and HENRY GALVAN, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants David Chad Stockslager, Eric Kyle Stockslager, and Anna Michele Goolsby's Motion for Summary Judgment [D.E. 31] and Defendant Henry Galvan's Cross Motion for Summary Judgment [D.E. 34]. All filing deadlines have expired in regard to these motions. *See* Order [D.E. 30]. As such, the Court rules as follows.

## BACKGROUND

Defendants David Chad Stockslager, Eric Kyle Stockslager, and Anna Michele Goolsby (the "Stockslager Defendants") are the surviving children of Patricia Stockslager ("Patricia"). *See* Stockslager Br. [D.E. 32 at 1]. Patricia purchased a whole life insurance policy from American Home Life Insurance Company ("American Home") in 2007. *Id.* [D.E. 32 at 2]. Patricia later passed away in 2014. *Id.* [D.E. 32 at 2]. The current dispute arises from a change in beneficiary form and the manner in which the funds from the life insurance policy should be distributed. *Id.* [D.E. 32 at 2]. The Stockslager Defendants claim that all funds should go to them, as the attempt Patricia made to include Defendant Henry Galvan ("Henry") as a beneficiary was invalid. *Id.* [D.E. 32 at 2]. In the alternative, the Stockslager Defendants argue that the funds from the policy should be distributed

1

according to the Change of Beneficiary Form that includes Henry as a beneficiary. *Id.* [D.E. 32 at 3-4]. On the other hand, Henry argues that Patricia made a valid change in beneficiary, and he should be included as a beneficiary of Patricia's life insurance policy. Galvan Br. [D.E. 34-1 at 5]. Henry also requests that all fees attorneys fees incurred by himself and American Life be taxed against the Stockslager Defendants. *Id.* [D.E. 34-1 at 6].

## LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

## ANALYSIS

"An insured may change beneficiaries at will and may even divest a prior beneficiary of all interest in the proceeds of the policy." *Volunteer State Life Ins. Co. v. Hardin*, 197 S.W.2d 105, 107 (Tex. 1946). "In order for an insured to change beneficiaries on a life insurance policy he must comply, or substantially comply with policy provisions governing such a change." *Nichols v.*

2

*Nichols*, 727 S.W.2d 303, 305 (Tex. App.–Beaumont 1987, writ ref'd n.r.e.). "Substantial compliance requires that an insured do all that reasonably can be done to effect the change." *Id.* When an insurance company accepts and complies with a request to change a beneficiary, all defects in the request are waived and the method of request is considered satisfactory. *Tramel v. Estate of Billings*, 699 S.W.2d 259, 264 (Tex.App.–San Antonio 1985, no pet.).

Here, Patricia submitted a request to include Henry as a beneficiary on October 26, 2013 and the request was receive on October 28, 2013. Pls. Ex. 4 [D.E. 33 at 9]. The Stockslager Defendants argue that this request is invalid because it does not comply with the terms of the insurance policy. Stockslager Br. [D.E. 32 at 2-3]. The relevant portion of the insurance policy states that "written notice must include the full name and address of the new beneficiary" to be effective. Pls Ex. 3 [D.E. 33 at 19]. The form Patricia used was provided by American Home and contains space for first, middle, and last names, social security numbers, relationship, and age, but not address. Pls Ex. 4 [D.E. 33 at 9]. American Home sent Patricia a letter dated October 29, 2013 indicating that it had received her change of beneficiary request form and accepted it. Def.'s Ex. 4 [D.E. 34-2 at 8].

Because Patricia included all the requested information on the form provided by American Home, and because American Home accepted and complied with the request, Patricia did all that could be reasonably done to effect the change in beneficiary. *See Nichols*, 727 S.W.2d at 305. Therefore, Patricia substantially complied with the requirements of the insurance policy. *See id.* Any defects in Patricia's request were waived by American Home when it mailed Patricia the letter confirming her request. *See Tramel*, 699 S.W.2d at 264.

## CONCLUSION

Based on the above-stated reasoning, the Stockslager Defendants' motion for summary judgment is **denied in part and granted in part**. Henry's cross motion is also **granted in part and**

**denied** in part as well. The distribution of funds shall be as follows: David Chad Stockslager, $5,833.00; Eric Kyle Stockslager, $5,833.00; Anna Michele Goolsby, $5,834.00. Henry Galvan shall receive the remainder of the distributed funds from Patricia's Policy currently held in the Court's register. Finally, the Stockslager Defendants and Henry shall each bear their own costs of regarding this suit.

**SO ORDERED**, this 17 day of March, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE